UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA F. SHERMAN, MSW LCSW :

v. : C.A. No. 06-

JIM NICHOLSON, in his capacity as Secretary, Department of Veterans Affairs :

[redacted] 06 213 S

**<u>COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF</u>**

1. The plaintiff, Barbara F. Sherman, is a licensed social worker employed by the Department of Veteran Affairs at the Veterans Administration Medical Center located on Chalkstone Avenue in Providence, Rhode Island. She is a resident of the Town of Albion, County of Providence, State of Rhode Island. The defendant, Veterans Administration is a United States governmental agency that provides, among other things, medical care to United States veterans. The VA has a hospital located at 830 Chalkstone Avenue, Providence, Rhode Island which is where the plaintiff works.

2. On or about March 10, 2006, the plaintiff was advised in writing by the acting Chief of Primary Care that there were three charges against her that could result in disciplinary action consisting of a three day suspension. March 10, 2006 letter attached hereto as <u>Exhibit A</u>. On or about April 7, 2006, Barbara Sherman replied in writing to the charges.

3. On or about April 10, 2006, Barbara Sherman along with counsel met with Dawna Blake, M.D., Chief of Primary Care Service (acting), and Tammy Holt of Human Resources.

4. On or about April 17, 2006, Dawna Blake, M.D. issued a letter indicating that the charges were sustained and that a suspension would occur for one calendar day

on May 9, 2006. The plaintiff was advised of her right to invoke the grievance procedure to challenge the suspension.

5. On May 3, 2006, plaintiff's counsel wrote to the Department of Veteran Affairs Human Resources office to Tammy Holt advising that the informal grievance is going to be taken pursuant to the guidelines and requesting certain documents on or about May 7, 2006. Counsel for Ms. Sherman faxed and sent by regular mail a letter dated May 7, 2007 requesting the suspension be postponed until after the grievance process was completed.

6. On Monday, May 8, 2006, after contacting the VA by telephone, Ms. Sherman's counsel was advised that it was the "practice" of the VA to have employees serve their suspensions and then, if the employee is successful, the employee's file would be changed and the employee would be paid for the day. It was conceded that there is no rule, regulation or statute that allows the VA to enforce the discipline before the grievance process has been completed.

## COUNT I

**(Request for Temporary Restraining Order and Application for Preliminary Injunction)**

7. The plaintiff repeats and realleges paragraphs 1-6 as set forth above.

8. The Plaintiffs seek a temporary restraining order, and, thereafter, a preliminary injunction prohibiting the defendant from requiring the plaintiff to serve her suspension pending the completion of the grievance process.

9. Based on the foregoing facts, the plaintiffs have a reasonable likelihood of succeeding on the merits of their claims at trial. There is a substantial risk that the plaintiffs will suffer irreparable harm if the injunction is not granted because the

defendant will be imposing a punishment on the plaintiff before she has fully exercised her constitutional due process rights. In contrast, the defendants would only endure the *status quo* if the requested relief is granted.

WHEREFORE, the plaintiffs request that this Court grant their request for a temporary restraining order and, thereafter, for a preliminary injunction.

BARBARA SHERMAN

By her Attorneys,

David E. Maglio & Associates, P.C.

David E. Maglio (#3459)
The Owen Building, Second Floor
101 Dyer Street
Providence, RI 02903
401-831-5400
401-831-7979 Fax

Dated: May 8, 2006