UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[redacted] 06 213

BARBARA F. SHERMAN, MSW LCSW :
:
:
v. : C.A. No. 06-
:
JIM NICHOLSON, in his capacity as :
Secretary, Department of Veterans Affairs :

**PLAINTIFFS' MOTION**
**FOR A TEMPORARY RESTRAINING ORDER, APPLICATION FOR A PRELIMINARY INJUNCTION and FOR EXPEDITED DISCOVERY**

Pursuant to Fed.R.Civ.P. 65(b), the plaintiff Barbara F. Sherman, MSW, LCSW, moves for the entry of a Temporary Restraining Order in the form attached hereto restraining and enjoining the defendant from imposing a one-day suspension from her social work at the VA Medical Center in Providence, Rhode Island currently scheduled for May 9, 2006 until such time as an informal grievance is filed by Ms. Sherman and heard by the Department of Veteran Affairs and The Veterans' Administration Medical Center.

The plaintiff requests that this Court set her Application for a Preliminary Injunction down for May 9, 2006 at a time to be determined by this Honorable Court in order to automatically stay Ms. Sherman's suspension until this matter is heard.

In addition, the plaintiffs requests permission to undertake the following expedited discovery before the expiration of the thirty (30) day time period prescribed under rule 30(a)(2)(B). The plaintiffs request that the period within which the defendants are required to respond to the document requests be shortened to ten (10) days.

1. The standards referenced in Ms. Dyer's February 3, 2006 memorandum to Barbara Sherman wherein she identifies social worker clinical standards, medical center policy and JCAHO guidelines. She also refers to a chart audit tool.

2. Copies of, or access to, clinical social worker chart notes for the period January 1, 2006 to the present. I am well aware of the privacy right implications of my request. However, the names of the patients and anyone else except the social worker who

authored the note can be redacted. I will sign a confidentiality agreement and will agree to destroy or return the notes at the conclusion of this matter.

3. Copies of any documents relating to complaints by any employee of the VA concerning the procedural and substantive adequacy of my client's patient chart notes.

4. Copies of any internal memoranda authored by any staff member, including but not limited to Erin Sears, relating to the proper method of substantively completing a social worker note.

In support of her motion, the plaintiff relies on her Memorandum of Law In Support of her Motion for a Temporary Restraining Order and exhibits.

Counsel further represents that copies of the complaint, and notice of this motion and pleadings have been provided to the defendant via facsimile.

BARBARA SHERMAN, MSW, LCSW

By her Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

David E. Maglio, #3459
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903
(401) 831-5400
(401) 831-5400 Fax

h\client\evilacqua\74 starr street\pleadings\rule 65 mot prelim injunc.doc