UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA F. SHERMAN, MSW LCSW | : | |
| v. | : | C.A. No. 06-213/S |
| JIM NICHOLSON, in his capacity as Secretary, Department of Veterans Affairs | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION FOR PRELIMINARY INJUNCTION**

## INTRODUCTION:

Plaintiff Barbara Sherman (hereinafter referred to as "Ms. Sherman"), submits this Memorandum of Law in Support of her Motion for a Temporary Restraining Order under R.I.Sup. Ct. R.Civ.P. 65(b), and her application for a preliminary injunction.

The affidavits of David E. Maglio, Esquire and Barbara F. Sherman are filed herewith in support of the request for injunctive relief.

## FACTS:

Ms. Sherman is a licensed clinical social worker employed by the Department of Veteran Affairs at the Veterans Administration Medical Center located on Chalkstone Avenue in Providence, Rhode Island. In a letter dated March 10, 2006, the plaintiff was advised by Dawna Blake, M.D., the acting Chief of Primary Care that there were three charges against her that could result in disciplinary action consisting of a three day suspensionOn or about April 7, 2006, Barbara Sherman replied in writing to the charges. On or about April 10, 2006, Barbara Sherman along with her counsel, David E. Maglio, met with Dawna Blake, M.D., Chief of Primary Care Service (acting), Tammy Holt of Human Resources and Ann Spence, one of Ms. Sherman's supervisors.

On or about April 17, 2006, Dawna Blake, M.D. issued a letter indicating, without any factual explanation, that the three charges were sustained and that a suspension would occur for one calendar day on May 9, 2006. The plaintiff was advised of her right to invoke the grievance procedure to challenge the suspension.

On May 3, 2006, plaintiff's counsel wrote to the Department of Veteran Affairs Human Resources office to Tammy Holt advising that the informal grievance is going to be taken pursuant to the guidelines and requesting certain documents on or about May 7, 2006. Counsel for Ms. Sherman faxed and sent by regular mail a letter dated May 7, 2007 requesting that the suspension be postponed until after the grievance process was completed.

On Monday, May 8, 2006, after contacting the VA by telephone, Ms. Sherman's counsel was advised that it was the "practice" of the VA to have employees serve their suspensions and then, if the employee is successful, the employee's file would be changed and the employee would be paid for the day. It was conceded that there is no rule, regulation or statute that allows the VA to enforce the discipline before the grievance process has been completed. (See, affidavit of David E. Maglio, Esquire).

The prospect of serving a suspension has adversely affected Ms. Sherman and will result in her not being able to see a number of patients scheduled to be seen by her today, May 9, 2006.

## ARGUMENT:

### I. THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER PRECLUDING HER FROM SERVING HER SUSPENSION UNTIL AFTER THE COMPLETION OF THE GRIEVANCE PROCESS.

The decision to grant a temporary restraining order or preliminary injunction is left to the sound discretion of the trial justice. Leone v. Town of New Shoreham, 534 A.2d 871, 873

(R.I. 1987); Paramount Office Supply Co. v. D.A. MacIsaac, Inc., 524 A.2d 1099, 1101 (R.I. 1987). This equitable determination "involves balancing the equities, weighing the hardships to either side, and examining the practicability of imposing the desired relief." Rhode Island Turnpike and Bride Authority v. Cohen, 433 A.2d 179, 192 (R.I. 1981). To be successful, the moving party must demonstrate the following:

> [the movant] stands to suffer some irreparable harm that is presently threatened or imminent and for which no adequate legal remedy exists to restore that plaintiff to its rightful position. ...The moving party must also show that it has a reasonable likelihood of succeeding on the merits of its claim at trial. ...We do not require a certainty of success. ...Instead we require only that the moving party make out a prima facie case. ...Having found a likelihood of success and an immediate irreparable injury, the trial justice should next consider the equities of the case by examining the hardship to the moving party if the injunction is denied, the hardship to the opposing party if the injunction is granted and the public interest in denying or granting the requested relief. ...In considering the equities, the hearing justice should bear in mind that "[t]he office of a preliminary injunction is not ordinarily to achieve a final and formal determination of the rights of the parties or of the merits of the controversy, but is merely to hold matters approximately in status quo, and in the meantime to prevent the doing of any acts whereby the rights in question may be irreparably injured or endangered."

Fund for Community Progress v. United Way. 695 A.2d 517, 521 (R.I. 1997)(citations omitted). Based on the facts set forth below, the plaintiffs should be afforded the requested injunctive relief.

## A. The Plaintiff Has Likelihood of Succeeding on the Merits.

Based on a review of the March 10, 2006 charges brought against her and the April 17, 2006 decision which contains no findings of fact, it appears that the plaintiff has a likelihood of prevailing in the grievance process. While Ms. Sherman was subjectively

criticized, after the fact, for the adequacy of her clinical notes, there is no evidence that there was ever a complaint against her by a colleague indicating that the colleague could not perform his or her job due to the adequacy of Ms. Sherman's notes. To the extent that she was apprised of it, Ms. Sherman has met the duties of her job and has demonstrated a willingness to improve as evidenced by her performance in the mentoring program.

**B. Plaintiff Will Suffer Irreparable Harm If The Injunction Is Not Granted.**

The plaintiff has established irreparable harm. If this Court does not enter an order precluding the defendant from imposing the suspension before the grievance process is completed, then the plaintiff will have already served her suspension. This will have a chilling effect on her ability to continue on with the grievance process. There can be no doubt that there will be a mindset that since the punishment has already been imposed, then what is the point of changing the outcome.

There is more to the plaintiff's loss than a day's pay. There is no question that there are intangible, psychological ramifications to the plaintiff as a result of not being able to work and see patients. Indeed, Judge Bownes in his dissent in the case of *Denovellis v. Shalala,* 135 F.3d 58 (1st Cir. 1998)took note of this fact when he cited the case of *Squires v. Bonser, 54 F.3d 168, 173 (3d Cir. 1995)* which held that "'When a person loses his job, it is at best disingenuous to say that money damages can suffice to make that person whole. The psychological benefits of work are intangible.'" (quoting *Allen v. Autauga County Bd. of Educ., 685 F.2d 1302, 1306 (11th Cir. 1982)).* The intangible detriment is the requisite irreparable harm justifying the requested relief.

### C. Balancing the Equities and the Effect on the Parties Compels Injunctive Relief.

A balancing of the equities demonstrates that injunctive relief is appropriate to maintain the *status quo*. If the VA is not restrained from imposing the suspension, the plaintiff will likely suffer irreparable harm. If injunctive relief is granted, the VA will not be prejudiced and the *status quo* will be preserved while the merits of the case are decided. As pointed out by Judge Bownes in his dissent in the case of *Denovellis v. Shalala,* 135 F.3d 58 (1st Cir. 1998), "the purpose of a preliminary injunction: "to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined." Citing *Wetzel, 635 F.2d at 286 (quotation omitted); Omega Importing Corp. v. Petri-Kine Camera Co., 451 F.2d 1190, 1197 (2d Cir. 1971)*

### D. The effect on the public interest of a grant or denial of the injunction.

The public interest will be best served by a grant of the motion for a temporary restraining order. Employees, like Ms. Sherman, are entitled to know whether they will be required to serve their suspension if one is imposed and will not be subject to the subjective whims of human resource administrators and other administrators who have prejudged the employees conduct before the administrative grievance process is over.

## CONCLUSION

For the above stated reasons, plaintiffs respectfully request that this Honorable Court issue a temporary restraining order precluding the enforcement of the suspension and that the Court set the application for a Preliminary Injunction down for hearing on the earliest possible date.

BARBARA SHERMAN

By her Attorneys,

David E. Maglio & Associates, P.C.

David E. Maglio (#3459)
The Owen Building, Second Floor
101 Dyer Street
Providence, RI 02903
401-831-5400
401-831-7979 Fax

Dated: May 9, 2006

## CERTIFICATION

To:

Michael Iannotti, Esq.
United States Attorneys Office
Providence, RI 02903

I hereby certify that on the 9th day of May, 2006, I caused a true copy of the *Plaintiffs' Memorandum of Law in Support of her Motion for Temporary Restraining Order, Application for Preliminary Injunction* to be sent via facsimile and hand-delivered to the above-listed attorney. at court hrg @ 11Am