UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA F. SHERMAN,<br>MSW LCSW | : | |
| v. | : | C.A. No. 06- 213/S |
| JIM NICHOLSON, in his capacity as<br>Secretary, Department of Veterans Affairs | : | |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER**

I, David E. Maglio, counsel for the plaintiff depose under oath and state as follows:

1. I am counsel for the plaintiff, Barbara Sherman in the above-captioned matter.

2. On Friday, May 5, 2006, at approximately 4:15 p.m., I left a voice mail message for the Veteran's Administration Hospital's Human Resource's department contact, Tammy Holt, requesting that she advise me whether or not my client, Barbara Sherman, would have to serve her one day suspension before she had exercised her right to appeal the April 17, 2006 decision in the grievance process. I learned, after making a second, follow-up telephone call that Ms. Holt had left at 4:00 p.m.

3. On May 3, 2006, I wrote to Tammy Holt, advising that the informal grievance is going to be pursued and requesting certain documents necessary to properly defend my client.

4. On Sunday, May 7, 2006, I faxed and sent by regular mail a letter dated May 7, 2006 requesting that the suspension be postponed until after the grievance process was completed.

5. On Monday, May 8, 2006, my office received a telephone call from Ms. Holt who left a voice mail for me indicating that she had received both of my letters and that she needed to speak with her boss, Craig Poluka, to determine whether the suspension would be served before the conclusion of the grievance process.

6. In response to the voice mail message, I contacted Ms. Holt by telephone who advised me that it was the "practice" to have employees serve their suspensions before the conclusion of the grievance process. She admitted to me that there were no written rules of regulations concerning this issue. I then asked Ms. Holt if I could speak with her supervisor about this issue. I then spoke with a Craig Poluka by telephone. I explained in a professional manner that my client wanted to come to work and that I did not see any reason why she should serve her suspension until after the grievance process was concluded. To my surprise, Mr. Poluka responded, in a confrontational tone of voice, that I was "assuming" that there was no merit to the charges brought against my client and that this was an assumption that he disagreed with. I advised Mr. Poluka, in a similar tone, that I was not calling to discuss the merits of the case but rather I wanted to discuss a procedural issue. I determined that there was nothing left to discuss with this person and I ended the conversation advising Mr. Poluka that I would seek a judicial determination of this procedural issue.

Signed under the penalties of perjury this 9th day of May, 2006.

David E. Maglio, Esquire #3459

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA F. SHERMAN, MSW LCSW | : | |
| v. | : | C.A. No. 06-213/S |
| JIM NICHOLSON, in his capacity as Secretary, Department of Veterans Affairs | : | |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER**

I, Barbara F. Sherman, the plaintiff in this matter, depose under oath and state as follows:

1. I am employed as a clinical social worker at the Veterans Administration Hospital located on Chalkstone Avenue in Providence, Rhode Island. I have been employed as a social worker for 11 years and at the Providence VA for almost three years. I work in the primary care department where I interview patients to determine their physical and mental health needs and take follow-up action as required.

2. The prospect of serving a one day suspension has had a negative effect on my mental health and well being. I want to work and I do not want to serve a suspension that I do not believe that I deserve unless and until I have lost all rounds of the grievance process. I am particularly disturbed that there is no written rule on this issue.

3. If I am required to serve the one day suspension, I will be humiliated, embarrassed, feel that I have let my patients down and will feel that I have already lost my right to challenge the suspension.

Signed under the penalties of perjury this 9th day of May, 2006.

Barbara Sherman

Barbara F. Sherman